**AKERMAN LLP**
CAROLINE H. MANKEY (SBN 187302)
caroline.mankey@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Plaintiff
MUSIC SALES CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSIC SALES CORPORATION, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., a Delaware corporation, E.P.H.C.Y. PUBLISHING, and DOES 1-10,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MUSIC SALES CORPORATION hereby asserts this complaint against defendants UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., E.P.H.C.Y. PUBLISHING, and DOES 1-10 and alleges as follows:

## THE PARTIES

1.  Plaintiff Music Sales Corporation ("Plaintiff") is a New York corporation with its principal place of business in Manhattan, New York.

1

52435582;1

2. Defendant Universal Polygram International Publishing, Inc. ("Universal") is a Delaware corporation with its principal place of business in Santa Monica, California. Universal conducts extensive business in Los Angeles County.

3. Defendant E.P.H.C.Y. Publishing is a business organization, the form and location of which are unknown to Plaintiff, but which uses Defendant Universal's Santa Monica address as its mailing address.

4. Plaintiff is informed and believes that Defendants Does 1 through 10, inclusive, are at fault in whole or in part for the claims alleged herein. The true names, whether corporate, individual, or otherwise of Does 1 through 10, inclusive, are presently unknown to Plaintiff and, therefore, these Does are being sued by fictitious names, and Plaintiff will seek leave to amend this Complaint to include the true names and capacities when the same have been ascertained.

5. Plaintiff is informed and believes that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, member, principal, alter-ego, and/or employee of the other Defendant and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over the claim alleged by Plaintiff because its claim arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq*., and jurisdiction is conferred by 28 U.S.C. § 1331 and 1338 (a) and (b).

10. Venue is proper in the Central District of California pursuant to 28 U.S.C. Sections 1391(b)(2) because a substantial portion of the events giving rise to the claim occurred in this district, and 1391(c)(2) because Universal resides in this district and is subject to the Court's personal jurisdiction in this district.

2

52435582;1

## FACTS

11. On June 7, 1974, the United States Copyright Office registered the copyright to the musical composition "The Worst Band in the World" (the "Composition"), written by Lawrence "Lol" Crème and Graham Gouldman (Reg. No. Eu493960).

12. The Composition is owned by Man-Ken Music, Ltd., a New York corporation, and administered by Plaintiff Music Sales Corporation pursuant to an exclusive administration agreement with Man-Ken Music Ltd. dated April 1, 2019, the term of which is 13 years. Pursuant to this administration agreement, Plaintiff has the right to commence legal actions in its own name to protect and enforce rights in and to the Composition as well as all other musical compositions that it administers for Man-Ken Music Ltd.

13. The Composition was recorded by the band 10cc and released on its 1974 album "Sheet Music."

14. James Dewitt Yancey, known also by his stage name "J Dilla," was an American record producer and rapper, who was considered an influential hip-hop artist and worked with a number of notable hip-hop artists.

15. In 2006, J Dilla released an album called "Donuts," on which appeared a song titled "Workinonit." According to Wikipedia, "Donuts" is "an instrumental hip hop album; the only lyrics on it are short phrases and gasps taken from various records."

16. "Workinonit" contains exact or substantially similar copies of multiple quantitatively and qualitatively substantial sections of the Composition. J Dilla did not seek or obtain a license to use the Composition in any fashion.

17. Defendants Universal and E.P.H.C.Y. Publishing are the music publishers for "Workinonit" (the "Infringing Work") and distributed the Infringing Work. Even *after* being informed of its infringing content, Defendants licensed it for use by Netflix in two television specials featuring comic Dave Chappelle, entitled: "Deep in the Heart of Texas" and "The Age of Spin." Netflix commenced distributing and selling the

specials on or about March 21, 2017. The audio from the specials won the Grammy for the Best Comedy Album in 2017 and they are ranked among the best and most-watched comedy shows offered by Netflix.

18. On July 18, 2017, counsel for Plaintiff's predecessor sent a demand letter to Defendants. However, the parties have been unable to reach any resolution, thus requiring the filing of this action.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement in violation of

The Copyright Act, 17 U.S.C. §§ 101, *et seq.*)

19. Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

20. The Composition is an original musical composition containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. §§ 101, *et seq.* Plaintiff is the exclusive administrator of the rights protected by the registered copyright to the Composition, Reg. No. Eu493960, on behalf of its owner, Man-Ken Music, Ltd.

21. Defendants and J Dilla had access to the Composition as a result of its wide release and publication since its release in sound recordings in 1974. Copies of the sound recording of the Composition are still widely available today on all major music purchase and streaming sources and videos of it being performed by the band 10cc can be viewed on YouTube.com.

22. The Composition is of significant value to Plaintiff in the music publishing income that it continues to earn and for licensing purposes.

23. J Dilla copied quantitatively and qualitatively substantial sections of the Composition in the Infringing Work.

24. The Infringing Work is a work derivative of the Composition.

25. Plaintiff never transferred or licensed any interest in any copyrights in the Composition to J Dilla or to any of the Defendants, either in writing or otherwise, and

52435582;1

has not consented to J Dilla's use of the Composition or Defendants' reproduction, publication, distribution and sale of the Infringing Work.

26. Defendants' unauthorized reproduction, publication, distribution and sale of the Infringing Work constitutes infringement of Plaintiff's registered copyright in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants' copying, distribution and sale of the Infringing Work, particularly after being informed of the fact that it infringed upon the copyright to the Composition, was deliberate, willful, malicious, oppressive, and in manifest disregard of Plaintiff's exclusive rights.

28. Defendants' willful copyright infringement has caused, and will continue to cause, Plaintiff to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to the Composition in an as-yet undetermined amount. Plaintiff is entitled to compensatory damages, as well as the profits earned by Defendants as a result of their infringement pursuant to 17 U.S.C. § 504. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504.

29. Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

30. As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendants will continue to infringe the Composition. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

52435582;1

1. The damages sustained by Plaintiff, as well as any additional profits of the Defendants;

2. Statutory damages pursuant to 17 U.S.C. § 504;

3. Plaintiff's costs and reasonable attorneys' fees and expenses incurred in this action pursuant to 17 U.S.C. § 505;

4. Granting an injunction permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from manufacturing, distributing, marketing, advertising, promoting, displaying, performing, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, perform, or sell the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work;

5. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales and any other exploitation of the Infringing Work, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work;

6. That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies and inventory of the Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Infringing Work;

7. That Defendants, at their own expense, be ordered to recall the Infringing Work from any distributors, retailers, vendors, licensees, or others that have

1 distributed the Infringing Work on Defendants' behalf or with their consent, and
2 any products, works, or other materials that include, copy, are derived from, or
3 otherwise embody the Infringing Work, and that Defendants be ordered to
4 destroy or deliver up for destruction all materials returned to them;

5     8.    Prejudgment interest; and

6     9.    Such additional and further relief as the Court deems just and proper.

8 DATED: March 20, 2020     Respectfully submitted,

9     AKERMAN LLP

10     By: */s/ Caroline H. Mankey*
11         Caroline H. Mankey
        Attorneys for Plaintiff
12         MUSIC SALES CORPORATION

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

52435582;1

## DEMAND FOR JURY TRIAL

Plaintiff Music Sales Corporation hereby demands a trial by jury on all issues triable by jury.

DATED: March 20, 2020

Respectfully submitted,

AKERMAN LLP

By: */s/ Caroline H. Mankey*
    Caroline H. Mankey
    Attorneys for Plaintiff
    MUSIC SALES CORPORATION

8

52435582;1